IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANTIAGO SOTO, K-06764, | ) | |
| Petitioner, | ) ) | No. C 11-3598 CRB (PR) |
| vs. | ) ) | ORDER TO SHOW CAUSE |
| TIM VIRGA, Warden, | ) ) | (Docket # 4) |
| Respondent. | ) ) | |

      Petitioner, a state prisoner incarcerated at California State Prison, Sacramento, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

      Petitioner was convicted by a jury of second degree murder by means of discharging a firearm from a motor vehicle. On or about March 26, 1996, he was sentenced to 20 years to life in state prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which denied review on September 17, 1997.

      Petitioner also unsuccessfully sought collateral relief from the state courts by filing numerous petitions and complaints for several years. On March 16, 2011, the Supreme Court of California denied his final petition for a writ of habeas corpus.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising three claims: (1) newly discovered evidence, (2) ineffective assistance of counsel, and (3) prosecutorial misconduct. Petitioner also raises various arguments as to why his petition should not be deemed untimely. Liberally construed, petitioner's claims appear minimally cognizable under § 2254 and merit an answer from respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 4) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within

1  60 days of the issuance of this order, an answer conforming in all respects to Rule
2  5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
3  habeas corpus should not be granted.  Respondent shall file with the answer and
4  serve on petitioner a copy of all portions of the state trial record that have been
5  transcribed previously and that are relevant to a determination of the issues
6  presented by the petition.

7  If petitioner wishes to respond to the answer, he shall do so by filing a
8  traverse with the court and serving it on respondent within 30 days of his receipt
9  of the answer.

10  4.  Respondent may file a motion to dismiss on procedural grounds in
11  lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the
12  Rules Governing Section 2254 Cases.  If respondent files such a motion,
13  petitioner shall file with the court and serve on respondent an opposition or
14  statement of non-opposition within 30 days of receipt of the motion, and
15  respondent shall file with the court and serve on petitioner a reply within 15 days
16  of receipt of any opposition.

17  5.  Petitioner is reminded that all communications with the court must
18  be served on respondent by mailing a true copy of the document to respondent's
19  counsel.  Petitioner must also keep the court and all parties informed of any
20  change of address.

21  SO ORDERED.
22  DATED:  Nov. 3, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Soto, S1.11-3598.osc.wpd

3